GEORGE IRVING and another, petitioner, *vs.* COUNTY COMMISSION-
ERS OF SAGADAHOC COUNTY.

*Committee of appeal—Duty of.*

When the committee of appeal reverse the decision of county commissioners,
it is no part of the duty of the committee to lay out the way or assess the land
damages.

ON EXCEPTIONS.
The facts sufficiently appear in the opinion.

*J. S. Baker,* for the petitioners.

*Tallman & Larrabee,* for the respondents.

APPLETON, C. J.   The petitioners, inhabitants of Phipsburgh,
applied to the selectmen of their town, to lay out a town way as de-
scribed in their petition, bearing date, Oct. 12, 1868.

The selectmen refusing to grant the prayer of their petition, they
seasonably petitioned the county commissioners, alleging that they
had "unreasonably neglected and refused to lay out the way"
prayed for in their petition, and praying that the county commis-
sioners, after giving legal notice, would proceed to lay out the way
as originally prayed for.

The county commissioners, after having given notice to all par-
ties interested, at their July term, 1869, after a full hearing of all
the facts, testimony, and arguments, and having maturely consid-
ered the same, adjudged and determined, that "common conven-
ience and necessity" did not require the location and establishing
the road prayed for in the petition of these petitioners.

From this adjudication, an appeal was duly taken and entered
in this court, and a committee appointed, who made a report, ad-
judging "that the judgment of the county commissioners made on
6th June, 1869, be in whole reversed," and then proceeded to
lay out the road prayed for by metes and bounds, and to assess

land damages for the owners of land over which the road was located.

To the acceptance of this report, the inhabitants of Phipsburgh object, " because the said committee had no authority to locate said road."

The only question presented for adjudication, relates to the authority and duty of the committee appointed by this court.

By R. S. 1857, c. 18, § 22, " when the municipal officers unreasonably neglect or refuse to lay out or alter a town way, or private way, on petition of an inhabitant, or of an owner of land therein . . . the petitioner thereof may, within one year thereafter, present a petition stating the facts to the commissioners of the county at a regular meeting who are to give notice," etc.

By the act of 1862, c. 123, the same right to appeal to the supreme judicial court is given, as is provided in R. S. c. 18, respecting highways.

An appeal being taken from the decision of the county commissioners and entered in the supreme judicial court, the appellate court " may appoint a committee of three disinterested persons, who shall be sworn . . . and they shall give such notice as the court has ordered, view the route, hear the parties, and make their report at the next or second term after their appointment, whether the judgment of the commissioners shall be in whole or in part affirmed or reversed; which being accepted, shall forthwith be certified to the clerk of the commissioners." § 35.

The doings of the committee are limited to viewing the route, hearing the parties and reporting seasonably, whether the judgment of commissioners shall be in whole or in part affirmed or reversed. It does not appear to be any part of their duty to lay out the road or to assess damages to be paid to those who may be injured by the location of the road over their land.

By the act of 1862, c. 87, " If the judgment of the commissioners in favor of laying out the highway prayed for is wholly reversed on the appeal, they shall proceed no further; and no petition praying for substantially the same thing, shall be entertained by them for two years thereafter. If their judgment is affirmed

in whole or in part, they shall carry into effect the judgment of the appellate court; and in all cases, they shall carry into full effect the judgment of the appellate court in the same manner as if made by themselves," etc.

Now the judgment of the appellate court is that the judgment of the county commissioners that " common convenience and necessity" do not require the location and establishing of the road in question is reversed. In other words, the judgment of the appellate court is that public convenience and necessity do require the road as prayed for by these petitioners.

But " the judgment of the appellate court" is to be carried into full effect by the county commissioners " in the same manner as if made by themselves." If this judgment had been the same as that of the committee, they would at once have proceeded to lay out the way and assess damages. They are, upon receiving the certificate from the supreme court to proceed to act as if their judgment had been originally that of the appellate court. The committee had discharged their full duty, when they had acted upon the affirmation or reversal of the judgment of the county commissioners. It was no part of their duty to lay out the road or to assess land damages.

In *Winslow* v. *Co. Commissioners*, 31 Maine, 444, the county commissioners, upon a petition had adjudged that the easterly portion of the route was of common convenience and necessity, and should be established, but said nothing of the westerly. Upon appeal, the committee reported that the easterly portion, as located by the county commissioners, should be established as a public highway, and also the westerly portion. The report was accepted. " The third section provides that the committee appointed by the district court," says Shepley, C. J., " shall proceed to view the route named in the original petition. The committee are to hear the parties and their evidence evidently respecting the route viewed. When they are required to report, whether, in their opinion, the judgment of the county commissioners should be in whole or part affirmed, such judgment must be intended as would operate upon the whole route. In a certain event, after a

decision upon appeal the county commissioners are to proceed to lay out, alter, or discontinue such highway, in whole or in part, having reference to the way described in the petition."

In *Smith* v. *Co. Commissioners*, 42 Maine, 401, the doctrine that the county commissioners are to carry into effect the judgment of the appellate court, and in conformity with its decision, " to lay out, alter, or discontinue such highway, in whole or in part, as such judgment may be." In *Harriman* v. *Co. Commissioners*, 53 Maine, 83, it was held that when county commissioners refuse to carry into effect a judgment of the supreme judicial court, rendered upon the report of a committee, appointed in case of appeal from their decision, refusing to lay out and establish a highway, the court may issue a writ of mandamus, requiring them to carry into effect the judgment of this court.

These decisions are upon the statutory law, as it was before the act of 1862, c. 87 and c. 123. Their correctness remains unaffected by those acts.

It does not appear that there has been an adjudication by the county commissioners or by the committee appointed by this court, that the selectmen did " unreasonably neglect or refuse " to lay out the road in controversy. The committee adjudged that " common convenience and necessity " did require the location and establishing the road prayed for. No question, however, is presented for our consideration, in relation to this, all objections to the sufficiency of prior proceedings being waived.

But upon the exceptions before us, it is only necessary to determine whether the committee had authority to locate the road in question and assess land damages, and we think they had not.

Exceptions sustained so far as relates to the acceptance of so much of the report as locates the way upon the face of the earth. Report accepted so far as it reverses the decision of the county commissioners, and the case is remanded to them, with orders to locate the road as prayed for.

CUTTING, KENT, WALTON, DICKERSON, and DANFORTH, JJ., concurred.